UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ALLEN HESSMER, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:22-cv-00901 |
| | ) |
| SHERIFF ROBERT BRYAN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

John Allen Hessmer, a state pre-trial detainee in the custody of the Wilson County Jail in Lebanon, Tennessee, filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2241. (Doc. No. 1). The Court acknowledges receipt of the filing fee. (Doc. No. 5).

Hessmer seeks relief pursuant to 28 U.S.C. § 2241, which provides in pertinent part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." § 2241(c)(3). The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241. See Williams v. Holloway, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016).

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treaties of the Unites States[.]" A state prisoner "may use 28 U.S.C. § 2241 to challenge the execution of a sentence, the manner in which the sentence is being served, or claims generally pertaining to the computation of parole or sentencing credits." Murphy v. Dep't of Corr., No. 3:19-CV-00487, 2019 WL 4167343, at *1 (M.D. Tenn. Sept. 3, 2019) (citing Ali v. Tenn. Bd. of Pardon and Paroles, 431 F.3d 896, 896 (6th Cir. 2005); Greene v. Tenn. Dep't of Corr., 265 F.3d 369, 372 (6th Cir. 2001)). But see Allen v. White, 185 F. App'x 487, 490 (6th Cir. 2006)

1

(noting that "there exists some question whether state prisoners may ever proceed under § 2241"). A state prisoner bringing a habeas claim under Section 2241 must first exhaust his state remedies. Collins v. Million, 121 F. App'x 628, 630-31 (6th Cir. 2005). The petitioner carries the burden of demonstrating exhaustion. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

A Section 2241 petition must: (1) substantially follow the form Section 2241 petition; (2) specify all available grounds for relief; (3) state relevant facts and procedural history supporting each ground; (4) state all relief requested; and (5) be signed under penalty of perjury. See Habeas Rule 2(c), (d).

Hessmer has submitted a handwritten petition entitled "Speedy Trial Writ of Habeas Corpus." (Doc. No. 1). While handwritten petitions are acceptable, see Habeas Rule 2 (c)(4), Hessmer's petition does not substantially follow the form Section 2241 petition. It does not contain adequate supporting facts or procedural history. It was not signed under penalty of perjury. And Hessmer does not allege that he has exhausted his state remedies prior to filing the petition.

Although pro se petitions are to be liberally construed, the Court cannot "conjure allegations on [Hessmer's] behalf," Coleman v. Shoney's, Inc., 79 F. App'x 155, 157 (6th Cir. 2003), or "advis[e] [Hessmer] as to what legal theories [he] should pursue." Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011); see also George v. Nagy, No. 18-1505, 2018 WL 8206735, at *2 (6th Cir. Nov. 15, 2018) (affirming dismissal of habeas petition and explaining that the Court's role is not to "identify and address the arguments that Petitioner could have made but did not.") (quoting Geboy v. Brigano, 489 F.3d 752, 767 (6th Cir. 2007)).

Under these circumstances, the Court normally would direct Hessmer, who is proceeding pro se, to submit an amended petition that substantially follows the form Section 2241 petition and complies with Habeas Rule 2. Indeed, in a prior Section 2241 action filed by Hessmer in this Court, the Court directed Hessmer to submit an amended petition. See John Allen Hessmer v. Sheriff Robert

2

Case 3:22-cv-00901   Document 6   Filed 12/08/22   Page 2 of 5 PageID #: 23

Bryan, No. 3:22-cv-00203 (M.D. Tenn. filed 3/23/2022) (Doc. Nos. 6 at 2). In that case, Petitioner filed three amended petitions at the Court's direction. (Id., Doc. Nos. 7, 12, 14). However, in the instant petition, Hessmer states without reservation: "Petitioner is not going to amend this writ on a pretty form. This is what you get." (Doc. No. 1 at 4).

Given Hessmer's preemptive refusal to submit an amended petition, the Court will review the petition as submitted. Hessmer asks this Court to "be a man" and dismiss the state criminal charges against him. (Doc. No. 1 at 4). Alternatively, Hessmer asks this Court to order the state court judge presiding over Hessmer's state criminal case "to hold a trial in 30 days." (Id.)

A pretrial detainee may bring a petition under Section 2241 to challenge a state prosecution prior to judgment. Christian v. Wellington, 739 F.3d 294, 297 (6th Cir. 2014); Phillips v. Court of Common Pleas, Hamilton Cnty., Ohio, 668 F.3d 804, 809 (6th Cir. 2012); 28 U.S.C. § 2241(c)(3). However, "absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)). Under the Younger abstention doctrine, the Court must abstain from exercising jurisdiction over a pretrial Section 2241 petition if there are on-going state judicial proceedings, those proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges. O'Neill v. Coughlan, 511 F.3d 638, 643 (6th Cir. 2008) (quoting Sun Refining & Mktg. Co. v. Brennan, 921 F.2d 635, 639 (6th Cir. 1990)); see also Folley v. Banks, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020) (explaining that a federal court should abstain from exercising jurisdiction over a pre-trial Section 2241 action "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.") (quoting Atkins v. Mich., 644 F.2d 543, 546 (6th Cir. 1981)).

The three conditions for Younger abstention are met in this case. First, state criminal charges were pending against Hessmer when he filed his Section 2241 petition in federal court. His state pretrial proceedings are underway, and his federal petition explicitly seeks the dismissal of his criminal case. See Folley, 2020 WL 9813535, at *2. Second, "the prosecution of crimes implicates the important state interests of interpreting statutes and maintaining law and order within a state." Id. Third, Hessmer makes no showing that he is unable to raise constitutional challenges in state court.

However, abstention may not be appropriate when "the state proceeding is motivated by a desire to harass or is conducted in bad faith," Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975); "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions", Moore v. Sims, 442 U.S. 415, 424 (1979) (quoting Huffman, 420 U.S. at 611); or there is "an extraordinarily pressing need for immediate federal equitable relief." Kugler v. Helfant, 421 U.S. 117, 125 (1975); see also Doe v. Lee, No. 3:21-cv-00809, 2022 WL 1164228, at *6 (M.D. Tenn. Apr. 19, 2022).

Here, the petition alleges that state court Judge Dee David Gay is unfairly sabotaging Hessmer's opportunity to prove his innocence. (Doc. No. 1 at 2) ("Petitioner could mount a wonderful exculpatory defense but the biased Judge Dee David Gray has raised a $12,500 bail to $300,000 and blatantly expounds to try Petitioner twice for a single criminal episode . . . ."). However, Hessmer's general, unsupported allegations are insufficient for the Court to "infer . . . bad faith" or "speculat[e] as to the existence of a nefarious motive for the prosecution." Doe, 2022 WL 1164228, at *8-9. The petition does not challenge any statute, and Hessmer does not identify "an extraordinarily pressing need for immediate federal equitable relief" that would overcome Younger abstention. Thus, the narrowly-interpreted exceptions to the Younger abstention doctrine do not apply.

In conclusion, even assuming that Hessmer had exhausted his state court remedies prior to filing the instant action, dismissal of the petition is warranted on the additional ground that the Court

4

must not interfere with Hessmer's ongoing state criminal proceedings under Younger. Thus, the petition is **DISMISSED**.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Because jurists of reason would not disagree with the resolution of Hessmer's claims, the Court **DENIES** a COA.

If he desires, Hessmer may seek a COA directly from the Sixth Circuit Court of Appeals for the Sixth Circuit. Habeas Rule 11; Fed. R. App. P. 22(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE